UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KIMBERLY SKINNER, VERONICA RICHARDSON, ANDREA MORRIS-LAKES, JESSICA LLOYD, LACHELLE MURRAY, BRANDI WINGFIELD, and RAELEAN GARCIA,<br><br>Plaintiffs,<br><br>-vs-<br><br>DEZENDRA PATEL a/k/a DEVENDRA "DEV" PATEL, DARSHAK "DANNY" BRAHMBHATT, ATKINSON 165 LLC d/b/a RACEWAY 957, ATKINSON 164 LLC d/b/a RACEWAY 6954, and RACETRAC PETROLEUM, INC.,<br><br>Defendants. | Civil Action No.: 4:16-cv-1700-RBH-TER<br><br><br>**REPORT AND RECOMMENDATION** |

## I.   INTRODUCTION

Plaintiffs filed this action on April 26, 2016, in the South Carolina Court of Common Pleas for Florence County alleging assault, battery, false imprisonment and outrage. Defendants Darshak "Danny" Brahmbhatt, Atkinson 165 LLC d/b/a Raceway 957, and Atkinson 164, LLC d/b/a Raceway 6954 removed the action to this court with the consent of Defendants Dezendra Patel a/k/a Devendra "Dev" Patel and Racetrac Petroleum, Inc. on May 26, 2016, pursuant to 28 U.S.C. § 1441 and alleging jurisdiction under 28 U.S.C. § 1331. On June 8, 2016, Plaintiffs filed the present Motion to Remand (Document # 9). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

## II.   FACTUAL ALLEGATIONS

Plaintiffs alleges that Defendants Atkinson 164, LLC and Atkinson 165, LLC (both Raceway gas stations and convenience stores in Florence, South Carolina) are limited liability companies "managed, owned, dominated, and controlled by" Defendants Patel and Brahmbhatt. Compl. ¶¶ 6-9. Plaintiffs Skinner, Richardson, Morris-Lakes, and Lloyd were employees of Atkinson 165 while Plaintiff Murray was an employee of Atkinson 164. Compl. ¶¶ 1-5. Plaintiffs allege that Patel sexually assaulted and battered them and persisted doing so despite being told to stop and being physically resisted by Plaintiffs. Compl. ¶¶ 16-17. They further allege that Brahmbhatt was aware of Patel's "history and perverse proclivities" to include "habitual use of pornography, prostitution, sexual assault and battery of females, voyeurism, and habitual drunkenness" yet "continued to support Patel as a dominate owner and officer of Atkinson 164 and Atkinson 165." Compl. ¶ 12, 20. Plaintiffs also alleges that one or more of them has reported Patel's behavior to one or more of the defendants, including Brahmbhatt, to no avail. Compl. ¶ 19.

Plaintiffs allege that Patel sexually battered each of them while they were employees of Atkinson 164 or Atkinson 165, intentionally inflicted on them unlawful and unauthorized fear of sexual violence, unlawfully restrained them against their will, by force, in the back office, and intentionally inflicted severe emotional distress upon them. Compl. ¶¶ 25-26, 31-32, 37-40, 45, 48. They further allege that Brahmbhatt aided and abetted and facilitated Patel's activities and Defendant Racetrac provided space for Patel's activities in return for money despite the fact that it had at least constructive knowledge that its property was being used for such purposes. Compl. ¶¶ 27-28, 33-34, 41-42, 46-47.

## III.   NOTICE OF REMOVAL

Defendants removed this action to this court arguing that Plaintiffs' claims that Defendants

subjected them to a hostile or offensive work environment based upon sexual advances, sexual conduct and sexual propositions,"clearly [fall] within the scope of Title VII or the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq." Notice of Removal p. 2.  Therefore, they argue that this court has original jurisdiction over Plaintiffs' Title VII claim pursuant to 28 U.S.C. § 1331 and can exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**IV.    MOTION TO REMAND**

Federal courts are courts of limited jurisdiction. Lehigh Mining & Manufacturing. Co. v. Kelly, 160 U.S. 337, 327 (1895). A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States; ...." 28 U.S.C. § 1332(a).   A party seeking to adjudicate a matter in federal court through removal carries the burden of demonstrating that removal was proper. See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir.2008).  When jurisdiction is in doubt, remand is appropriate. Mulcahey v. Columbia Organic Chemicals, Inc., 29 F.3d 148, 151 (4th Cir.1994). The removal statutes are to be strictly construed, and must be applied in light of "the clear congressional intention to restrict removal." Able v. Upjohn Co., Inc., 829 F.2d 1330, 1332 (4th Cir.1987). When removal is not clearly proper, the district court should decline to exercise jurisdiction. Id.; Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir.1993).

Plaintiffs argue that they have not raised a claim under Title VII[1] and this court does not have

---

[1] Plaintiffs argue that, in any event, Defendants do not meet the definition of employer under Title VII because they do not have the requisite number of employees.  Defendants argue to the contrary and provide payroll records indicating the number of employees in 2016.  Nevertheless, this question is irrelevant to whether Plaintiffs alleged a cause of action under Title VII.

jurisdiction over their state law claims; therefore, remand is proper. Defendants argue that Plaintiffs are simply attempting to skirt the exhaustion requirements set forth in Title VII by couching their sexually hostile work environment claims as state law claims because they failed to properly exhaust those administrative remedies.

"[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." Burgess v. Charlottesville Sav. and Loan Assoc., 477 F.2d 40, 43 (4th Cir. 1973). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citing Gully v. First National Bank, 299 U.S. 109, 112-13, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936)). For a federal question to be present on the face of a well-pleaded complaint, either federal law must create the cause of action, or plaintiff's right to relief must necessarily depend on the resolution of a substantial question of federal law. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). This rule makes Plaintiffs the master of their claims, and they may avoid federal jurisdiction by relying exclusively on state law if they so choose. Caterpillar Inc., 482 U.S. at 392 (citing The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon") (Holmes, J.); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 3233, n. 6, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); Great North R. Co. v. Alexander, 246 U.S. 276, 282, 38 S.Ct. 237, 239–240, 62 L.Ed. 713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case")).

-5-

"Whether or not the plaintiff could have brought a Title VII claim is irrelevant to the analysis of whether or not his complaint is removable. As the architect of his own lawsuit, 'plaintiff is entitled to allege only nonfederal claims, even though he could have relied also on federal law.'" Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 786 (E.D. Va. 2007) (citing Freeman v. Colonial Liquors, Inc., 502 F.Supp. 367, 369 (D.Md.1980)). Further, resolution of Plaintiffs' claims of battery, assault, false imprisonment, outrage and piercing the corporate veil do not depend on the resolution of substantial questions of federal law. See Atkinson v. Sellers, 233 Fed.Appx. 268, 272-73 (4th Cir.2007).  The fact that these claims arise in the employment context does not change the methods by which Plaintiffs must prove these purely state law claims.  As such, no federal question is present on the face of Plaintiffs' complaint, and remand is necessary.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Plaintiffs' Motion to Remand (Document # 9) be granted and this case be remanded to the South Carolina Court of Common Pleas for Florence County.

                                       s/Thomas E. Rogers, III
                                       Thomas E. Rogers, III
                                       United States Magistrate Judge

July 29, 2016
Florence, South Carolina